# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MOLINA,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA aka RECONSTRUST,<br><br>Defendants. | Case No.: 12- cv 170 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANT BANK OF AMERICA, N.A., TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff Donna Molina ("Plaintiff") brings this foreclosure-related action against Defendant Bank of America, N.A., incorrectly named as Bank of America aka Reconstrust [*sic*] ("Defendant").

Defendant has filed a Motion to Dismiss the Complaint on the grounds that Plaintiff fails to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff failed to file any opposition to the motion.

Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on March 13, 2012, is appropriate for decision without oral argument. Accordingly, the Court VACATES the hearing set for March 13, 2012.

Having carefully considered the papers submitted and the complaint in this action, and for the reasons set forth below, the Court hereby GRANTS the Motion to Dismiss WITH LEAVE TO AMEND.

## STANDARD APPLICABLE TO THE MOTION

Rule 8 of the Federal Rules of Civil Procedure requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02. However, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 558, 127 S.Ct. 1955, 1966 (U.S., 2007). Likewise, where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory, a claim is properly dismissed. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). Pleadings that are no more than conclusions do not state a cause of action adequately. *See Ashcroft v. Iqbal*, 556 U.S. 662, \_\_, 129 S.Ct. 1937, 1950 (2009). "A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give 'fair notice' of the claim being asserted and the 'grounds upon which it rests.'" *Hamilton v. Bank of Blue Valley*, 746 F.Supp.2d 1160, 1169 (E.D.Cal., 2010) (citing *Yamaguchi v. United States Department of Air Force,* 109 F.3d 1475, 1481 (9th Cir. 1997)).

## BACKGROUND

Defendant has moved to dismiss on the grounds that the complaint does not identify what legal claims or theories of recovery under which Plaintiff seeks relief and does not meet the standards required for pleading. More particularly, Defendant argues that there is no legal duty to refrain from foreclosure when there has been no "excused [*sic*] loan modification agreement with the borrower." (Defendant's Motion to Dismiss Complaint ("Mtn."), Dkt. No. 5, at 1:22.)

Defendant also contends that Plaintiff lacks standing to challenge the foreclosure under California Civil Code section 2923.5[1] because she does not allege tender.

Plaintiff's Complaint is captioned as "Complaint for Injunctive Relief," and alleges a first cause of action for injunctive relief, and a second cause of action, unspecified, apparently seeking damages. (*See* Notice of Removal, Dkt. No. 1, Ex. A.)

In its current form, **the complaint is unclear and ambiguous**. Plaintiff appears to allege, among other things, that:

1. defendant willfully engaged in unfair business practices after discovering the mortgage loan generated by First Fidelity Title Company was fraudulent; and that there were discrepancies in the original signature on the fixed loan and the signatures on the new adjustable loan with Bank of America (*id.* at 2:2-3, 11-13);

2. the attempt to collect on the debt by "Reconstrust" [*sic*] was not lawful because it was undertaken without a complete assignment of rights (*id.* at 2:23-27);

3. "defendant(s) illegal debt collection practices and unreasonable to [*sic*] attempts to sell the property by providing false and inflated information supplied by Sterns Lending Inc. apparently altered legal [*sic*] instrument constituting forgery" (*id.* at 3:7-10);

4. "defendant(s) has [*sic*] unlawfully recorded with the County of Alameda Records an over-stated amount, refusing to send Home Affordable Foreclosure Alternative package to plaintiffs as promised" (*id.* at 3:23-26); and

5. defendant interfered "with the transaction of arranging for other assistance which the plaintiff was entitled to be free from interference by means of maliciousness, [*sic*] false statement by Bank of America, agents [*sic*] to services provided by the business violating CC 2924c(1)(d)" (*id.* at 4:2-4);

6. defendant "expressed the willingness into [*sic*] contractual agreement" and that plaintiff "relied and believe [*sic*] that there is still an offer for the Attorney General Program since a denial

---

[1] Presumably Defendant is actually referring to California Civil Code section 2923.5, as section 29*32*.5, while applicable to mortgages generally, does not appear to be relevant to any allegation or potential claim here.

letter or any notice to revoke the offer has not been received by the defendant(s)" (*id.* at 4:9-10, 13-14.)

**DISCUSSION**

Plaintiff has not pleaded any recognized legal theory which entitles her to any relief. Though she makes numerous factual allegations, they are not tied to any elements of any legal claim, whether based on violation of a statute, or based on any contract, tort or equitable theory entitling her to injunctive relief or to damages. In short, the complaint does not give fair notice of any legal claims Plaintiff asserts and the grounds upon which they rest. (*See Hamilton, supra*, 746 F.Supp.2d at 1169.)

Further, although the legal basis for Plaintiff's claims is not clear, it is true that an allegation of ability to tender, or a reason why tender should not be required due to equitable considerations, is an element of many common claims challenging mortgage foreclosures, as here. *See Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal. App. 3d 112, 117 ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); *accord Sierra-Bay Fed. Land Bank Ass'n v. Sup. Ct.* (1991) 227 Cal. App. 3d 318, 337 (debtors may obtain equitable relief to set aside a foreclosure, upon showing an offer to pay the debt); *Abdallah v. United Sav. Bank* (1996) 43 Cal. App. 4th 1101, 1109 (required to allege tender of amount of secured indebtedness, in order to maintain any cause of action re sale irregularity); *Odinma v. Aurora Loan Services* (N.D.Cal. 2010) 2010 WL 2232169, 5; *but see Newson v. Countrywide Home Loans, Inc.* (N.D.Cal. 2010) 2010 WL 2034769, 12 (a quiet-title cause of action need not allege that plaintiffs actually tendered the amount of the loan proceeds, but sufficiently allege a willingness to tender the amount); *Onofrio v. Rice* (1997) 55 Cal.App.4th 413, 424 (tender required unless it would be inequitable to require under the circumstances); *Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal.

4

285, 291 (requirement of tender would be inequitable where plaintiff is alleged not to owe the debt or to have a legal right to avoid the foreclosure sale).  Further, a borrower need *not* tender (or allege tender of) the full amount of the mortgage indebtedness as a prerequisite for bringing an action under California Civil Code section 2923.5.  *Mabry v. Sup. Ct.*, 185 Cal.App.4th 208, 225 (2010).  However, it is not clear whether Plaintiff intends to plead a cause of action under section 2923.5, or if such a claim even exists under the facts as they are currently alleged.  *See id.* at 235 (only remedy for violation of section 2923.5 is postponement of foreclosure sale).

## CONCLUSION

Defendant's motion to dismiss is GRANTED.  Plaintiff may file a First Amended Complaint which must set forth a valid legal claim and the facts giving rise to such a claim.  Any First Amended Complaint shall be filed no less than 21 days from the date of this order.  Any response thereto shall be filed no less than 21 days from service of the amended complaint.

The Court hereby sets this case on its compliance calendar to determine whether plaintiff filed her amended complaint.  The date set is Friday, March 30, 2012 at 9:01 a.m.  **No appearance is required.**  If plaintiff files the amended complaint, the Court will vacate the conference.  If plaintiff fails to amend, the case will be dismissed under Rule 41(b) for failure to prosecute.  *Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420* 726 F2d 525, 528 (9th Cir. 1984).

IT IS SO ORDERED.

March 5, 2012

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

5